# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

# 05 11050 MLW

In the matter of the application of:

FRANCOIS NUTAKOR
Petitioner,

Petitioner/Plaintiff,

v.

Michael Chertoff Secretary of Department of Homeland Security.
Bruce Chadbourne Interim Field office Director of Detention and Removal, Boston Field
office Bureau of Immigration and Customs Enforcement, Department of Homeland
security.
Thomas M. Hodgson, Sheriff Bristol Country House of Correction

Respondents/Defendants

RECEIPT #
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C} 2241

Now comes FRANCOIS NUTAKOR (here in after "MR NUTAKOR" or "Petitioner")

and here by petitions this court for a Writ of Habeas Corpus to remedy his unlawful

detention by the Respondents and Allow for relief stated in his "Prayer for Relief", Infra

Petitioner's Brief.

## PARTIES

1. Petitioner, FRANCOIS NUTAKOR has been physically and continuously present

   in the United States since April 26th, 1993 and is a native and citizen of Togo. On

or about May 15th, 1996. He was ordered removed back to Togo. On or about

September 23, 2004, he was taken into Immigration custody by members of the

Bureau of Immigration and custom Enforcement for over six (6) months.

2.  Respondent Michael Chertoff is the secretary of the Department of Homeland

Security of the Untied States of America (here in after "DHS"), and is responsible

for the administration of ICE and the Implementation and Enforcement of the

Immigration Law. As such he is the ultimate legal custodian of the Petitioner.

3.  Respondent BRUCE CHADBOURNE is the Interim Field office Director for

Detention and Removal Boston Field office, Bureau of Immigration and Customs

Enforcement Department of Homeland Security. As such he is the highest

rankling Local ICE official who has immediate custody of the Petitioner.

Respondent Department of Homeland Security is the agency charge with

implementing and enforcing the Immigration Laws.

4.  Respondent Andrea J. Cabral, Sheriff of Suffolk Country, has immediate Custody

of the Petitioner.


## CUSTODY


Petitioner is detained at the Bristol County House of Correction in North Dartmouth

Massachusetts.

ICE has contracted with the Bristol country House of correction to house immigration

detainees.

Mr. Nutakor has always been under the direct and complete control of the Respondents and their agents.


## JURISDICTION


This action arises under the constitution of the United States, the Immigration and Nationality Act ("INA") 8 U.S.C.{1101 et seq; as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 and under 28 U.S.C. {2241, Act. 1} 9, Cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C.} 1331, as petitioner is presently in custody under color of the authority of the United States, and as such custody is in violation of the constitution laws, or treaties of the United States see Zaduydas v.Davis, 533 U.S. 678 (2001);Carranza v. INS, 277 F. 3d 65 (1st Cir 2002) (following enactment of IIRIRA, federal courts retain subject matter jurisdiction over habeas corpus Petitions).


## VENUE


Venue lies with the District of Massachusetts because Mr. NUTAKOR is currently detained at Bristol house of correction in North Dartmouth Massachusetts Venue is also proper because Petitioner is in the custody of Respondent Bruce Chadbourne, ICE Interim field office Director for Massachusetts. See 28 U.S.C} 1391.

## **EXHAUSTION OF REMEDIES**

Petitioner has exhausted his administrative remedies to the extent required be law, and his only remedy is by way go this judicial action. After the Supreme Court decision in Zaduydes v. Supra the Department of Justice (here in after "DOJ') issued regulations governing the custody of aliens ordered removed on May 15[th], 1996 Petitioner filed a motion to reopen his case under Article 3 of the convention against torture on December 8[th], 2004. The motion to reopen was denied by the BIA on February 28[th], 2005. A request for stay of deportation during the pendency of the motion was also denied. Exhibit (1). Petitioner has written a letter to the Director of Homeland Security Bruce Chadbourne on April 19[th], 2005 for release from custody and have not received any response. Exhibit (2). Mr. Nutakor requested a Custody Review Determination (here in after "CRD") with the local ICE office at the 90-day interval of detention and subsequently with ICE headquarters Post- order Detention Unit (here in after "HQPDU") at the 180-day interval of his detention.(Exhibits 2 + 5). He submitted his first custody request on or about December 23[rd], 2004 and it was summarily denied. A second application was filed on or about April 29, 2005 with similar negative result, perhaps due to the uneven practice of following the detailed procedures for review see 8 C.F.R. }1241.13 et, seq.

No statutory exhaustion requirements apply to Petitioner's clam of unlawful detention. Mr. Nutakor is eligible to file the instant petition by the mere fact that he has been detained for longer than six (6) months with out being deported.

Zaduydas, supra see also Rowe v. INS, 45 F. Supp 2d 144 (D. Mass 1999). He has

exhausted all remedies and is not eligible for nor is he requesting any stay of deportation

under INA § 241 (c) (2), 8 U.S.C §1231 (c) (2). His immigration case was initially ended

on May 15th, 1996 when he was ordered removed. His motion to reopen was denied on

February 28th, 2005. As such he had reasonably exhausted all administrative remedies

and is therefore eligible to argue additional arguments as he may deem necessary.


## STATEMENT OF FACTS


On April 26th, 1993, Mr. Nutakor entered the United States, On July 17th, 1995 his

application for political Asylum and with holding of deportation was denied by an

immigration judge.

On May 15th, 1996 Mr. Nutakor was ordered deported to Togo. Mr. Nutakor's attempt to

reopen his case last year with the Board of Immigration of Appeals to seek protection

under convention against torture was denied on February 28th, 2005. On September 23rd,

2004 ICE took Mr. Nutakor into custody to await his deportation to Togo. He has been in

Immigration custody and detention with a final order since then for a period of seven

months and half. INS first reviewed Mr. Nutakor's detention status on or about December

23rd, 2004 after the 90-day removal period pursuant to past-order Review procedures at 8

C.F.R. § 241.4.. In a letter dated December 23, 2004, ICE denied request for release

stating that ICE have been making attempts to repatriate petitioner, by requesting a travel

document from the Government of Togo, They indicated that the Government of Togo

regularly approves cases for removal and there is no indication at this time that your case

will not be approved. As a result of the continued detention, Mr. Nutakor's case was transferred to the Headquarter Post Detention Unit (HQPDU) in March 23rd, 2005. They did not send me letter stating that my case have been transferred to headquarters. Petitioner letter to ICE in this regard on April 19th, 2005 have been ignored (Exhibit 2). ICE has offered no evidence to suggest that repartition in petitioner's individual case is reasonable foreseeable now.

## **LEGAL FRAMEWORK FOR RELIEF SOUGHT**

In Zaduydas the Supreme Court held that 8 U.S.C § 1231 (a) (6) when "read in light of the constitution demands limited an alien's post-removal detention to a period reasonable necessary to bring about the alien's removal from the United States" Id.; 121 S. Ct at 2498. A Habeas Court must [first] ask whether the detentions in question exceed a period reasonably necessary to secure removal. "ID at 2504, if the Individual's removal is not reasonably foreseeable "the court should hold continued detention unreasonable and no longer authorized by statute". Id.

After six months the Government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future". See Zhou v Farguharson, 2001 U.S. dist LEXIS 18239, *2-*3 (D. Mass. Oct 19, 2001) (Quoting and summarizing Zaduydas).

Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the Government's burden to establish that an alien petitioner will be deported with in the reasonably foreseeable future. See Thompson v INS 2002 U.S. Dist

Lexis 23936 (E.D. La Sept. 16 2002) (Government failed to show alien's deportation to Guyana was reasonably foreseeable where Government offered historical statistic of repatriation to Guyana but failed to show response from Guyana on the application for travel document that INS and the Petitioner had requested); Kacanic v. Elwood 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Peen. Nov. 8th 2002) Government's reliance on data concerning removal of aliens to Yugoslavia did not satisfy Zadvydas because Government failed to give information about the number of aliens that were denied travel papers). Ablahad v. Ashcroft 2002 U.S. Dist. LEXIS 17405 at *4 (N.D.III.Sept. 6th 2002)(evidence that aliens have been deported to petitioner's country is not enough to carry the Government's burden under Zadvydas). Rather, for the Government to meet his burden of showing that an alien's repatriation is reasonably foreseeable if must provide some meaningful evidence particular to the Individual Petitioner's case. Compare Thompson, Kacianic and Abladah with Khan v. Fasano, 194 F. Supp. 2d 1134 (S.D. Cal 2001)

An alien who has been detained beyond the presumptive six months should be released where the Government is unable to present documented confirmation that the foreign Government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist Lexis 15797 (1). Mass August 22, 2002) (court "will likely grant" habeas petition after 14 months if ICE "is unable to present document confirmation that the Nigerian Government has agreed to [petitioner's] repatriation") Zhoai 2001 U.S. Dis. Lexis 18239; Abdu v. Ashcroft 2002 U.S. Dis. LEXIS 19050at *7 (W.D. wash February 28th , 2002); Mohamed v. Ashcroft 2002 U.S. Dist. LEXIS 16129 at *7 (W.D. wash April 15th 2002). (Quotations omitted).

# CLAIMS FOR RELIEF

### 1. Statutory Violation

Petitioner re-alleges that continued detention by the respondents violates INA §241
(a) (6), as interpreted in Zaduydas. Petitioner's six-month presumptively reasonable
period for continued removal effort passed months ago for the reasons outlined
above, petitioner's removal to Togo is not reasonable foreseeable. The Supreme
Court held in Zaduydas that the continued detention of someone after six months
where deportation is not reasonably foreseeable is unreasonable and in violation of
INA § 241.

### 2. Substantive Due Process Violation

Petitioner continued detention violates his right to substantive due process by
depriving him his core liberty interest to be free from bodily refrain. Government's
interest in detaining petitioner in order to effect his deportation, does not exist if Mr.
Nutakor cannot be deported. The Supreme Court in Zaduydas thus interpreted INA §
241 to allow continued detention only  for a period reasonable necessary to secure the
alien's removal because any other reading would go beyond the Government's
articulated interest to effect the alien's removal.

### 3. Procedural Due Process Violation

Under the due Process clause of the U.S. constitution an alien is entitled to a timely
and meaningful opportunity to demonstrate that he should not be detained. The

petitioner in this case has been denied that opportunity as there is no administrative

mechanism in place for the Petitioner to demand a decision, ensure that a decision

will ever be made, or appeal a custody decision that violates <u>Zaduydas.</u>

## PRAYER FOR RELIEF

Wherefore Petitioner prays that this court grant the following relief:

1) Assume jurisdiction over this matter

2) Grant Petitioner a Writ of Habeas Corpus directing the respondents to
   immediately release the petitioner from custody;

3) Order Respondents to refrain from transferring the petitioner out of the
   jurisdiction of ICE BOSTON DISTRICT DIRECTOR during the pending of these
   proceeding and while the petitioner remains in Respondent's custody; and

4) Grant any other and further relief which the court deem joint and proper.

I affirm under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 10th day of May 2005

FRANCOIS    NUTAKOR   Pro Se,
Inmate  #   132562
Unit  Crc   18    (BCHOC)
400  Faunce   Corner  Road
North  Dartmouth   MA  02747.

## CERTIFICATE OF SERVICE

I, Francois Nutakor, Certify that a true copy of the above document (petition for Writ of Habeas Corpus) together with attached documents was served on 5-10-05, upon the following:

Franh Crowley
Special Assistant U.S. Attorney
Dept. of Homeland security
P.O. Box 8728
JFK Station
Boston, MA 02114

By placing a copy of the above in the mail system at the facility where I am detained.

FRANCOIS   NUTAKOR

BCHOC

400   Faunce   Corner Road

North   Dartmouth   Mass   02747





**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement
Detention and Removal Operations
New England Field Office

JFK Federal Building
Government Center
Boston, MA 02203

Exhibit (1)

December 10, 2004

NUTAKOR, Francois                    A72 484 043
C/O Martin D. Harris
132 Dorrance Street
Providence, RI 02903

This is in response to your Application for Stay of Deportation or Removal filed with this Bureau on December 9, 2004.

You entered the United States on or about April 26, 1993. At that time you were not admitted or paroled by an Immigration Officer. On July 17, 1995 your applications for Political Asylum and withholding of deportation were denied by an Immigration Judge and you were ordered deported to Republic of Togo. On May 15, 1996, your appeal was dismissed by the Board of Immigration Appeals.

Your case has been decided upon by a United States Immigration Judge, and upheld by the Board of Immigration Appeals. I am thoroughly satisfied that you have been accorded due process of law. To grant a stay of removal in your case would appear to serve no useful purpose, and would only delay your departure from the United States.

Your request for a stay of your removal is hereby denied as a matter of discretion.

Sincerely,

Bruce E. Chadbourne

Bruce Chadbourne
Field Office Director



# Martin D. Harris, Ltd.
ATTORNEYS-AT-LAW



132 Dorrance Street, Providence, RI 02903    (401) 273-4990    Fax (401) 454-1416    Cell (401) 952-3306

Martin D. Harris
Joseph Dugan*
*Of Counsel

**Elizabeth Ferro-Harris
Paralegal/Office Manager

April 19, 2005

Mr. Bruce Chadbourne
U.S. Department of Homeland Security
Bureau of Immigration And Customs Enforcement
Detention And Removal Operations
New England Field Office
JFK Federal Building
15 New Sudbury Street
Boston, MA 02203

Re:    Francois Nutakor A72-484-043

Dear Sir:

The following is a request for release from custody on behalf of the above referenced alien. To date, Homeland Security has not effectuated his removal from the United States. Nor has Homeland Security otherwise agreed to a change in custody status.

Family and friends here in the United States have expressed tremendous concern about this man'a continuing detention. I am aware of the decision by Homeland Security on or about December 23rd, 2004. As per said decision Mr. Chadbourne indicates that Togo regularly **approves cases for removal and there was no indication at that time that the case would not be approved.**

**I would like to have the opportunity to speak directly to the Consulate in regards to this matter.** Exactly what is the status as to his travel document? It must be assumed that since the writing of your December correspondence the status concerning the travel document has not changed. Nevertheless, this man remains in Homeland Security custody.

1

Homeland Security is undoubtedly aware that his motion pending at the BIA was **unfortunately** dismissed on or about February 28, 2005.

I am asking again that Homeland Security consider a release from custody.

Mr. Nutakor is believed to be a good candidate for bail. He has solid contacts in the State of Rhode Island. ~If released he would reside in the State of Rhode Island. He would certainly be more than willing to report to Homeland Security as required. If you could please reply as soon as possible.

Also, provide the **contact** information for the Consulate in Togo so that I may inquire as to the current status of this man's travel document.

Thank you.

Sincerely,

Martin D. Harris, Esq.

MDH/gws

ps    **I will gladly provide supplemental background information if needed. Kindly advise.**

cc    Francois Nutakor
ID 132562
Unit & Room: GC 18
Bristol County House of Correction
400 Faunce Corner Road
North Dartmouth, MA 02747

2

(20)



**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

Exhibit-(5)

JFK Federal Building
Government Center
Boston, MA 02203

**NUTAKOR, Francois A72484043**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native of and a citizen of Togo who entered into the United States on April 26, 1993 as an Asylum Applicant. On May 15, 1996, you were ordered excluded by the Board of Immigration Appeals.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting a travel document from the Government of Togo. The Government of Togo regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 03-23-05, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
Bruce E. Chadbourne
Field Office Director

12-23-04
Date

UNITED STATES DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEALS x
In the Matter Of                              :

                                 :          **DETAINED**

NATAKOR, Francois                            :
A72 484 043                                   :
                                 :

Applicant in Exclusion Proceedings _____x

## GOVERNMENT'S RESPONSE TO THE MOTION TO REOPEN

The Government is currently without its file and is responding solely based upon the papers submitted by the Applicant. The Government reserves the right to submit any further information it may obtain from its file when received.

Applicant filed a Motion to Reopen exclusion proceedings on December 8, 2004.    On July 17, 1995, the Immigration Judge denied the Applicant's application for asylum and withholding of deportation and ordered the Applicant excluded and deported from the United States.    The Applicant appealed the Immigration Judge's decision and the Board of Immigration Appeals dismissed the Applicant's appeal on May 15, 1996.   The Applicant requests the Board to reopen his exclusion proceedings so that he can apply for relief under the United Nations Convention Against Torture.

The Government opposes the Motion to Reopen as the motion is untimely and fails to show a prima facie case that it is more likely than not that he will be tortured.   8 CFR § 208.18(b)(2) permits aliens who have been ordered deported prior to March 22, 1999 to file for protection under the Convention Against Torture within 90 days or until June 21, 1999. The alien must also provide evidence to establish that a prima facie case that it is more likely than not that he would be tortured if deported to their native country. The Applicant has missed the deadline by more than five years and only files this motion as an attempt to stop the deportation process.  Furthermore, the Applicant was denied asylum based on the same facts and similar country conditions in 1995. i.e the same political party has been in power since 1967. If the Applicant was unable to meet the much lower burden for asylum, he clearly is unable to meet the high burden for CAT relief.

The decision to grant or deny a motion to reopen is within the discretion of the Board.  8 C. F. R. §1003.2(a):  Applicant offers no evidence herein that

warrants the favorable exercise of discretion that would warrant reopening this proceeding.

Wherefore, the Government opposes the motion to reopen and respectfully requests that it be denied.

Dated: January 5, 2005
    New York, New York

                    Respectfully submitted,

                    Richard VanVeldhuisen
                    Assistant Chief Counsel
                    Office of Chief Counsel
                    Department of Homeland Security - New York
                    26 Federal Plaza - Suite 1130
                    New York, New York 10278

## Certificate of Service

I, Richard VanVeldhuisen, hereby certify that, on January 5, 2005, I caused to be served by first class mail, a true and correct copy of the foregoing upon Applicant's counsel, at the following address:

Martin D. Harris, Esquire
132 Dorrance Street
Providence, RI 02903

                    Richard VanVeldhuisen
                    Assistant Chief Counsel



**U.S. Department o₁ ⌐meland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

Exhibit (4)

**NUTAKOR, Francois A72484043**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native of and a citizen of Togo who entered into the United States on April 26, 1993 as an Asylum Applicant. On May 15, 1996, you were ordered excluded by the Board of Immigration Appeals.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting a travel document from the Government of Togo. The Government of Togo regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 03-23-05, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
Bruce P. Chadbourne
Field Office Director

12-23-04
Date

 **U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

Exhibit-(3) 

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

---

**Harris, Martin D.**
**132 Dorrance Street**
**Providence, RI 02903**

**Office of the District Counsel/NY**
**26 Federal Plaza, Room 1130**
**New York, NY 10278**

Name: NUTAKOR, FRANCOIS                    A72-484-043

**Date of this notice: 02/28/2005**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F. J. Ka*

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

**U.S. Department of Justice**                          Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia 22041

=================================================================================

File:   A72 484 043 - New York                          Date:

In re:   FRANCOIS NUTAKOR

IN EXCLUSION PROCEEDINGS                                FEB 2 8 2005

MOTION

ON BEHALF OF APPLICANT:        Martin D. Harris, Esquire

ON BEHALF OF DHS:        Richard VanVeldhuisen
                         Assistant Chief Counsel

ORDER:

PER CURIAM. The applicant has filed a motion to reopen under Article 3 of the Convention Against Torture. The motion to reopen has been filed out of time and will be denied. The final order in these proceedings was entered by the Board on May 15, 1996. Pursuant to 8 C.F.R. § 1208.18(b)(2)(i) a motion filed under the Torture Convention "shall not be granted" unless it was filed on or before June 21, 1999, in cases where the alien is under an order that became final before March 22, 1999. The record reflects, however, that the motion was not filed with the Board until December 8, 2004. The motion to reopen was therefore filed out of time.

The applicant requests a *sua sponte* reopening of his motion. While the Board retains limited discretionary powers under the regulations to reopen or reconsider cases on our own motion, 8 C.F.R. § 1003.2(a), that power allows the Board to reopen proceedings *sua sponte* only in exceptional situations. While we are sympathetic to the applicant's situation, we do not find it merits this relief. *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).

Accordingly, the motion to reopen is denied.

FOR THE BOARD

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

# 05 1 1050 MLW

In the matter of the application of:

FRANCOIS NUTAKOR
Petitioner,

      Petitioner/Plaintiff,

RECEIPT #
AMOUNT $
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

v.

Michael Chertoff Secretary of Department of Homeland Security.
Bruce Chadbourne Interim Field office Director of Detention and Removal, Boston Field office Bureau of Immigration and Customs Enforcement, Department of Homeland security.
Thomas M. Hodgson, Sheriff Bristol Country House of Correction

      Respondents/Defendants

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C} 2241

Now comes FRANCOIS NUTAKOR (here in after "MR NUTAKOR" or "Petitioner")

and here by petitions this court for a Writ of Habeas Corpus to remedy his unlawful

detention by the Respondents and Allow for relief stated in his "Prayer for Relief", Infra

Petitioner's Brief.

## PARTIES

1. Petitioner, FRANCOIS NUTAKOR has been physically and continuously present

   in the United States since April 26th, 1993 and is a native and citizen of Togo. On

or about May 15th, 1996. He was ordered removed back to Togo. On or about September 23, 2004, he was taken into Immigration custody by members of the Bureau of Immigration and custom Enforcement for over six (6) months.

2. Respondent Michael Chertoff is the secretary of the Department of Homeland Security of the Untied States of America (here in after "DHS"), and is responsible for the administration of ICE and the Implementation and Enforcement of the Immigration Law. As such he is the ultimate legal custodian of the Petitioner.

3. Respondent BRUCE CHADBOURNE is the Interim Field office Director for Detention and Removal Boston Field office, Bureau of Immigration and Customs Enforcement Department of Homeland Security. As such he is the highest rankling Local ICE official who has immediate custody of the Petitioner. Respondent Department of Homeland Security is the agency charge with implementing and enforcing the Immigration Laws.

4. Respondent Andrea J. Cabral, Sheriff of Suffolk Country, has immediate Custody of the Petitioner.

## CUSTODY

Petitioner is detained at the Bristol County House of Correction in North Dartmouth Massachusetts.

ICE has contracted with the Bristol country House of correction to house immigration detainees.

Mr. Nutakor has always been under the direct and complete control of the Respondents and their agents.

## JURISDICTION

This action arises under the constitution of the United States, the Immigration and Nationality Act ("INA") 8 U.S.C.{1101 et seq; as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 and under 28 U.S.C. {2241, Act. 1} 9, Cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C.} 1331, as petitioner is presently in custody under color of the authority of the United States, and as such custody is in violation of the constitution laws, or treaties of the United States see Zaduydas v.Davis, 533 U.S. 678 (2001);Carranza v. INS, 277 F. 3d 65 (1st Cir 2002) (following enactment of IIRIRA, federal courts retain subject matter jurisdiction over habeas corpus Petitions).

## VENUE

Venue lies with the District of Massachusetts because Mr. NUTAKOR is currently detained at Bristol house of correction in North Dartmouth Massachusetts Venue is also proper because Petitioner is in the custody of Respondent Bruce Chadbourne, ICE Interim field office Director for Massachusetts. See 28 U.S.C} 1391.

## **EXHAUSTION OF REMEDIES**

Petitioner has exhausted his administrative remedies to the extent required be law, and his only remedy is by way go this judicial action. After the Supreme Court decision in Zaduydes v. Supra the Department of Justice (here in after "DOJ') issued regulations governing the custody of aliens ordered removed on May 15th, 1996 Petitioner filed a motion to reopen his case under Article 3 of the convention against torture on December 8th, 2004. The motion to reopen was denied by the BIA on February 28th, 2005. A request for stay of deportation during the pendency of the motion was also denied. Exhibit (1). Petitioner has written a letter to the Director of Homeland Security Bruce Chadbourne on April 19th, 2005 for release from custody and have not received any response. Exhibit (2). Mr. Nutakor requested a Custody Review Determination (here in after "CRD") with the local ICE office at the 90-day interval of detention and subsequently with ICE headquarters Post- order Detention Unit (here in after "HQPDU") at the 180-day interval of his detention.(Exhibits 2 + 5). He submitted his first custody request on or about December 23rd, 2004 and it was summarily denied. A second application was filed on or about April 29, 2005 with similar negative result, perhaps due to the uneven practice of following the detailed procedures for review see 8 C.F.R. }1241.13 et, seq.

No statutory exhaustion requirements apply to Petitioner's clam of unlawful detention. Mr. Nutakor is eligible to file the instant petition by the mere fact that he has been detained for longer than six (6) months with out being deported.

Zaduydas, supra see also Rowe v. INS, 45 F. Supp 2d 144 (D. Mass 1999). He has

exhausted all remedies and is not eligible for nor is he requesting any stay of deportation

under INA § 241 (c) (2), 8 U.S.C §1231 (c) (2). His immigration case was initially ended

on May 15th, 1996 when he was ordered removed. His motion to reopen was denied on

February 28th, 2005. As such he had reasonably exhausted all administrative remedies

and is therefore eligible to argue additional arguments as he may deem necessary.

## STATEMENT OF FACTS

On April 26th, 1993, Mr. Nutakor entered the United States, On July 17th, 1995 his

application for political Asylum and with holding of deportation was denied by an

immigration judge.

On May 15th, 1996 Mr. Nutakor was ordered deported to Togo. Mr. Nutakor's attempt to

reopen his case last year with the Board of Immigration of Appeals to seek protection

under convention against torture was denied on February 28th, 2005. On September 23rd,

2004 ICE took Mr. Nutakor into custody to await his deportation to Togo. He has been in

Immigration custody and detention with a final order since then for a period of seven

months and half. INS first reviewed Mr. Nutakor's detention status on or about December

23rd, 2004 after the 90-day removal period pursuant to past-order Review procedures at 8

C.F.R. § 241.4.. In a letter dated December 23, 2004, ICE denied request for release

stating that ICE have been making attempts to repatriate petitioner, by requesting a travel

document from the Government of Togo, They indicated that the Government of Togo

regularly approves cases for removal and there is no indication at this time that your case

will not be approved. As a result of the continued detention, Mr. Nutakor's case was transferred to the Headquarter Post Detention Unit (HQPDU) in March 23rd, 2005. They did not send me letter stating that my case have been transferred to headquarters. Petitioner letter to ICE in this regard on April 19th, 2005 have been ignored (Exhibit 2). ICE has offered no evidence to suggest that repartition in petitioner's individual case is reasonable foreseeable now.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

In Zaduydas the Supreme Court held that 8 U.S.C § 1231 (a) (6) when "read in light of the constitution demands limited an alien's post-removal detention to a period reasonable necessary to bring about the alien's removal from the United States" Id.; 121 S. Ct at 2498. A Habeas Court must [first] ask whether the detentions in question exceed a period reasonably necessary to secure removal. "ID at 2504, if the Individual's removal is not reasonably foreseeable "the court should hold continued detention unreasonable and no longer authorized by statute". Id.

After six months the Government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future". See Zhou v Farguharson, 2001 U.S. dist LEXIS 18239, *2-*3 (D. Mass. Oct 19, 2001) (Quoting and summarizing Zaduydas).

Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the Government's burden to establish that an alien petitioner will be deported with in the reasonably foreseeable future. See Thompson v INS 2002 U.S. Dist

Lexis 23936 (E.D. La Sept. 16 2002) (Government failed to show alien's deportation to Guyana was reasonably foreseeable where Government offered historical statistic of repatriation to Guyana but failed to show response from Guyana on the application for travel document that INS and the Petitioner had requested); Kacanic v. Elwood 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Peen. Nov. 8th 2002) Government's reliance on data concerning removal of aliens to Yugoslavia did not satisfy Zadvydas because Government failed to give information about the number of aliens that were denied travel papers). Ablahad v. Ashcroft 2002 U.S. Dist. LEXIS 17405 at *4 (N.D.III.Sept. 6th 2002)(evidence that aliens have been deported to petitioner's country is not enough to carry the Government's burden under Zadvydas). Rather, for the Government to meet his burden of showing that an alien's repatriation is reasonably foreseeable if must provide some meaningful evidence particular to the Individual Petitioner's case. Compare Thompson, Kacianic and Abladah with Khan v. Fasano, 194 F. Supp. 2d 1134 (S.D. Cal 2001)

An alien who has been detained beyond the presumptive six months should be released where the Government is unable to present documented confirmation that the foreign Government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist Lexis 15797 (1). Mass August 22, 2002) (court "will likely grant" habeas petition after 14 months if ICE "is unable to present document confirmation that the Nigerian Government has agreed to [petitioner's] repatriation") Zhoai 2001 U.S. Dis. Lexis 18239; Abdu v. Ashcroft 2002 U.S. Dis. LEXIS 19050at *7 (W.D. wash February 28th , 2002); Mohamed v. Ashcroft 2002 U.S. Dist. LEXIS 16129 at *7 (W.D. wash April 15th 2002). (Quotations omitted).

## CLAIMS FOR RELIEF

### 1.  Statutory Violation

Petitioner re-alleges that continued detention by the respondents violates INA §241

(a) (6), as interpreted in Zaduydas.  Petitioner's six-month presumptively reasonable

period for continued removal effort passed months ago for the reasons outlined

above, petitioner's removal to Togo is not reasonable foreseeable. The Supreme

Court held in Zaduydas that the continued detention of someone after six months

where deportation is not reasonably foreseeable is unreasonable and in violation of

INA § 241.

### 2.  Substantive Due Process Violation

Petitioner continued detention violates his right to substantive due process by

depriving him his core liberty interest to be free from bodily refrain. Government's

interest in detaining petitioner in order to effect his deportation, does not exist if Mr.

Nutakor cannot be deported. The Supreme Court in Zaduydas thus interpreted INA §

241 to allow continued detention only  for a period reasonable necessary to secure the

alien's removal because any other reading would go beyond the Government's

articulated interest to effect the alien's removal.

### 3.  Procedural Due Process Violation

Under the due Process clause of the U.S. constitution an alien is entitled to a timely

and meaningful opportunity to demonstrate that he should not be detained. The

petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates <u>Zaduydas.</u>

## PRAYER FOR RELIEF

Wherefore Petitioner prays that this court grant the following relief:

1) Assume jurisdiction over this matter

2) Grant Petitioner a Writ of Habeas Corpus directing the respondents to immediately release the petitioner from custody;

3) Order Respondents to refrain from transferring the petitioner out of the jurisdiction of ICE BOSTON DISTRICT DIRECTOR during the pending of these proceeding and while the petitioner remains in Respondent's custody; and

4) Grant any other and further relief which the court deem joint and proper.

I affirm under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 10th day of May 2005

FRANCOIS    NUTAKOR    Pro Se,
Inmate  #   132562
Unit  Crc   18    (BCH OC)
400  Faunce  Corner  Road
North  Dartmouth   MA  02747.

## CERTIFICATE OF SERVICE

I, Francois Nutakor, Certify that a true copy of the above document (petition for Writ of Habeas Corpus) together with attached documents was served on 5-10-05, upon the following:

Franh Crowley
Special Assistant U.S. Attorney
Dept. of Homeland security
P.O. Box 8728
JFK Station
Boston, MA 02114

By placing a copy of the above in the mail system at the facility where I am detained.

FRANCOIS    NUTAKOR
BCHOC
400    Faunce    Corner    Road
North    Dartmouth    Mass    02747





**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement
Detention and Removal Operations
New England Field Office

JFK Federal Building
Government Center
Boston, MA 02203

Exhibit (1)

December 10, 2004

NUTAKOR, Francois          A72 484 043
C/O Martin D. Harris
132 Dorrance Street
Providence, RI 02903

This is in response to your Application for Stay of Deportation or Removal filed with this Bureau on December 9, 2004.

You entered the United States on or about April 26, 1993. At that time you were not admitted or paroled by an Immigration Officer. On July 17, 1995 your applications for Political Asylum and withholding of deportation were denied by an Immigration Judge and you were ordered deported to Republic of Togo. On May 15, 1996, your appeal was dismissed by the Board of Immigration Appeals.

Your case has been decided upon by a United States Immigration Judge, and upheld by the Board of Immigration Appeals. I am thoroughly satisfied that you have been accorded due process of law. To grant a stay of removal in your case would appear to serve no useful purpose, and would only delay your departure from the United States.

Your request for a stay of your removal is hereby denied as a matter of discretion.

Sincerely,

Bruce E. Chadbourne

Bruce Chadbourne
Field Office Director

 **Martin D. Harris, Ltd.**
ATTORNEYS-AT-LAW

 Exhibit (2)

132 Dorrance Street, Providence, RI 02903    (401) 273-4990    Fax (401) 454-1416    Cell (401) 952-3306

Martin D. Harris
Joseph Dugan*
*Of Counsel*

**Elizabeth Ferro-Harris
Paralegal/Office Manager

April 19, 2005

Mr. Bruce Chadbourne
U.S. Department of Homeland Security
Bureau of Immigration And Customs Enforcement
Detention And Removal Operations
New England Field Office
JFK Federal Building
15 New Sudbury Street
Boston, MA 02203

Re:    Francois Nutakor A72-484-043

Dear Sir:

The following is a request for release from custody on behalf of the above referenced alien. To date, Homeland Security has not effectuated his removal from the United States. Nor has Homeland Security otherwise agreed to a change in custody status.

Family and friends here in the United States have expressed tremendous concern about this man'a continuing detention. I am aware of the decision by Homeland Security on or about December 23rd, 2004. As per said decision Mr. Chadbourne indicates that Togo regularly **approves cases for removal and there was no indication at that time that the case would not be approved.**

**I would like to have the opportunity to speak directly to the Consulate in regards to this matter.** Exactly what is the status as to his travel document? It must be assumed that since the writing of your December correspondence the status concerning the travel document has not changed. Nevertheless, this man remains in Homeland Security custody.

1

Homeland Security is undoubtedly aware that his motion pending at the BIA was **unfortunately** dismissed on or about February 28, 2005.

I am asking again that Homeland Security consider a release from custody.

Mr. Nutakor is believed to be a good candidate for bail. He has solid contacts in the State of Rhode Island. ~If released he would reside in the State of Rhode Island. He would certainly be more than willing to report to Homeland Security as required. If you could please reply as soon as possible.

Also, provide the **contact** information for the Consulate in Togo so that I may inquire as to the current status of this man's travel document.

Thank you.

Sincerely,

Martin D. Harris, Esq.

MDH/gws

ps    **I will gladly provide supplemental background information if needed. Kindly advise.**

cc    Francois Nutakor
      ID 132562
      Unit & Room: GC 18
      Bristol County House of Correction
      400 Faunce Corner Road
      North Dartmouth, MA 02747

2





**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division                    Exhibit-(5)

JFK Federal Building
Government Center
Boston, MA 02203

**NUTAKOR, Francois A72484043**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native of and a citizen of Togo who entered into the United States on April 26, 1993 as an Asylum Applicant. On May 15, 1996, you were ordered excluded by the Board of Immigration Appeals.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting a travel document from the Government of Togo. The Government of Togo regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 03-23-05, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____                    12-23-04
Bruce E. Chadbourne                                 Date
Field Office Director

UNITED STATES DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEALS x
In the Matter Of                                      :

                                                      :          **DETAINED**

NATAKOR, Francois                                     :
A72 484 043                                           :

                                                      :

Applicant in Exclusion Proceedings ___ x

## GOVERNMENT'S RESPONSE TO THE MOTION TO REOPEN

The Government is currently without its file and is responding solely based upon the papers submitted by the Applicant. The Government reserves the right to submit any further information it may obtain from its file when received.

Applicant filed a Motion to Reopen exclusion proceedings on December 8, 2004. On July 17, 1995, the Immigration Judge denied the Applicant's application for asylum and withholding of deportation and ordered the Applicant excluded and deported from the United States. The Applicant appealed the Immigration Judge's decision and the Board of Immigration Appeals dismissed the Applicant's appeal on May 15, 1996. The Applicant requests the Board to reopen his exclusion proceedings so that he can apply for relief under the United Nations Convention Against Torture.

The Government opposes the Motion to Reopen as the motion is untimely and fails to show a prima facie case that it is more likely than not that he will be tortured. 8 CFR § 208.18(b)(2) permits aliens who have been ordered deported prior to March 22, 1999 to file for protection under the Convention Against Torture within 90 days or until June 21, 1999. The alien must also provide evidence to establish that a prima facie case that it is more likely than not that he would be tortured if deported to their native country. The Applicant has missed the deadline by more than five years and only files this motion as an attempt to stop the deportation process. Furthermore, the Applicant was denied asylum based on the same facts and similar country conditions in 1995. i.e the same political party has been in power since 1967. If the Applicant was unable to meet the much lower burden for asylum, he clearly is unable to meet the high burden for CAT relief.

The decision to grant or deny a motion to reopen is within the discretion of the Board. 8 C. F. R. §1003.2(a): Applicant offers no evidence herein that

warrants the favorable exercise of discretion that would warrant reopening this proceeding.

Wherefore, the Government opposes the motion to reopen and respectfully requests that it be denied.

Dated: January 5, 2005
New York, New York

Respectfully submitted,

Richard VanVeldhuisen
Assistant Chief Counsel
Office of Chief Counsel
Department of Homeland Security - New York
26 Federal Plaza - Suite 1130
New York, New York 10278

## Certificate of Service

I, Richard VanVeldhuisen, hereby certify that, on January 5, 2005, I caused to be served by first class mail, a true and correct copy of the foregoing upon Applicant's counsel, at the following address:

Martin D. Harris, Esquire
132 Dorrance Street
Providence, RI 02903

Richard VanVeldhuisen
Assistant Chief Counsel



**U.S. Department o~ ⎯meland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division

JFK Federal Building
Government Center
Boston, MA 02203

⫶ʇ χⳕⳕⳕ- ④

**NUTAKOR, Francois A72484043**
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native of and a citizen of Togo who entered into the United States on April 26, 1993 as an Asylum Applicant. On May 15, 1996, you were ordered excluded by the Board of Immigration Appeals.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting a travel document from the Government of Togo. The Government of Togo regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 03-23-05, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

_____
Bruce J. Chadbourne
Field Office Director

12-23-04
Date



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

Exhibit- (3)

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**Harris, Martin D.**
**132 Dorrance Street**
**Providence, RI 02903**

**Office of the District Counsel/NY**
**26 Federal Plaza, Room 1130**
**New York, NY 10278**

Name: NUTAKOR, FRANCOIS

A72-484-043

**Date of this notice: 02/28/2005**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

7.7. Ka

Frank Krider
Chief Clerk

Enclosure

Panel Members:
PAULEY, ROGER

**U.S. Department of Justice**                         Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia 22041
======================================================================================
File:    A72 484 043 - New York                        Date:

In re:   FRANCOIS NUTAKOR

IN EXCLUSION PROCEEDINGS                                FEB 2 8 2005

MOTION

ON BEHALF OF APPLICANT:          Martin D. Harris, Esquire

ON BEHALF OF DHS:            Richard VanVeldhuisen
                             Assistant Chief Counsel

ORDER:

PER CURIAM. The applicant has filed a motion to reopen under Article 3 of the Convention
Against Torture. The motion to reopen has been filed out of time and will be denied. The final
order in these proceedings was entered by the Board on May 15, 1996. Pursuant to 8 C.F.R.
§ 1208.18(b)(2)(i) a motion filed under the Torture Convention "shall not be granted" unless it was
filed on or before June 21, 1999, in cases where the alien is under an order that became final before
March 22, 1999. The record reflects, however, that the motion was not filed with the Board until
December 8, 2004. The motion to reopen was therefore filed out of time.

The applicant requests a *sua sponte* reopening of his motion. While the Board retains limited
discretionary powers under the regulations to reopen or reconsider cases on our own motion, 8
C.F.R. § 1003.2(a), that power allows the Board to reopen proceedings *sua sponte* only in
exceptional situations. While we are sympathetic to the applicant's situation, we do not find it
merits this relief. *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).

Accordingly, the motion to reopen is denied.

FOR THE BOARD